Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7308 | **DATE** | 9-15-2004 |
| **CASE TITLE** | Riley L. Fleming v. S.O.R.T. C/O Dahmer, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The court denies Defendants' motion to dismiss. The court appoints Thomas Leinenweber, Leinenweber & Baroni, LLC, 321 S. Plymouth Court, Ste. 1100, Chicago, IL 60604 (312/663-3003), to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(g) and 83.37.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 16 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| CLH | courtroom deputy's initials | 2004 SEP 15 PM 0:56 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RILEY L. FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 03 C 7308 |
| | ) | |
| S.O.R.T. C/O DAHMER, | ) | HONORABLE JAMES B. ZAGEL |
| S.O.R.T. C/O HOWARD | ) | |
| S.O.R.T. C/O KEARNS | ) | |
| S.O.R.T. C/O MUSSINA | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Riley L. Fleming, currently an inmate at Vienna Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that correctional officers assaulted him when he was detained at the Cook County Department of Corrections ("CCDOC"). Defendants Officer Domma (improperly named as Dahmer), Officer Hower (improperly named as Howard), Officer Kearns, and Officer Messina (improperly named as Mussina) ("Defendants") have filed a motion to dismiss, arguing that Fleming did not exhaust his administrative remedies.

**I. Standard of Review on a Motion to Dismiss**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court assumes that



well-pleaded allegations are true and draws all reasonable inferences in the light most favorable to the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). This rule has particular force when considering the allegations of a *pro se* complaint, which are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* complaints are to be liberally construed. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988).

However, while it is often said that a claim may be dismissed only if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)), the Seventh Circuit has observed that this maxim "has never been taken literally." *Kyle v. Morten High School*, 144 F.3d 448, 455 (7th Cir. 1998) (*quoting Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir. 1984)). All plaintiffs – whether *pro se* or represented – must include in the complaint allegations concerning all material elements necessary for recovery under the relevant legal theory. *Chowla v. Klapper*, 743 F. Supp. 1284, 1285 (N.D. Ill. 1990).

## II. Facts

In line with the foregoing authorities, the following factual statement as it pertains to Fleming's attempts to exhaust his administrative remedies is drawn from Fleming's complaint and his response to Defendants' motion to dismiss.

Fleming alleges that on June 4, 2003, Defendants used excessive force. On June 6, 2003, Fleming filed a grievance. (Plaintiff's Ex. A, attached to his response to the motion to dismiss.) On June 12, 2003, the social worker told him that his grievance had been denied. When Fleming

inquired about appealing the grievance, the social worker told him: "This is as far as it goes." On June 13, 2003, Fleming was transferred back to the custody of the Illinois Department of Corrections ("IDOC"). On June 19, 2003, Fleming received his property at Lawrence Correctional Center. Sometime in July 2003, Fleming spoke with an investigator from CCDOC. During the conversation, Fleming asked about the appeal process, and the investigator told him that there was no appeal process once the I.A.D. (Internal Affairs Division) made a decision. On October 15, 2003, Fleming filed this action.

## III. Analysis

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

The Seventh Circuit addressed the issue of the procedures a prisoner must follow when using the administrative process in *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002) and stated:

> [U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem--or to reduce the damages

and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner.

The CCDOC Detainee Grievance Procedure is contained in the Cook County Department of Corrections General Order No. 14.5. The procedures provide that within five days of receipt of the resolved grievance, the Correctional Rehabilitation worker (CRW) will provide a written copy of the findings to the detainee. If the grievance is not resolved, the CRW shall notify the detainee in writing of the status of the case. If a detainee wishes to appeal the grievance decision, the detainee will have five working days from receipt of the decision to appeal to the Administrator of Program Services or designee.

Defendants argue that because Fleming concedes that he did not appeal the denial of his grievance, he did not exhaust his administrative remedies. Fleming argues that his failure to file an appeal should be excused on three basis: (1) CCDOC never provided him with any information as to the procedures for filing grievances; (2) the social worker and the investigator both told him that no appeal was available; (3) the jail shipped Fleming back to IDOC about 12 hours after his grievance was denied, thus preventing him from filing an appeal.

In *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002), the Court of Appeals held that an inmate's administrative remedies are deemed exhausted when prison officials fail to respond to his grievances, thus making the administrative remedies unavailable. The court emphasized that it refused "to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.' *Goodman v. Carter*, No-2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)."

In the instant case, Fleming has consistently maintained that several CCDOC officials told him that he could not appeal. This goes beyond a mere delay in responding to a grievance.

4

In fact, by not providing Fleming with information about the grievance process and telling him that he could not appeal his grievance, it appears that CCDOC officials actively thwarted his efforts to exhaust his administrative remedies.

Moreover, Fleming was transferred to the Illinois Department of Corrections about 12 hours after he received his grievance back and was told he could not appeal. Given the narrow window of time in which Fleming could have filed an appeal and given that any appeal he might have filed would have been aborted on his transfer from county to state custody, the court concludes that no administrative remedy was available to Fleming.

## IV. Conclusion

For the foregoing reasons, the court denies Defendants' motion to dismiss. The court appoints Thomas Leinenweber, Leinenweber & Baroni, LLC, 321 S. Plymouth Court, Ste. 1100, Chicago, IL 60604 (312/663-3003), to represent Fleming in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(g) and 83.37.

Enter:

James B. Zagel
United States District Judge

Date: 13 Sep 2004